**BIN DI CHEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 08–4585.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 4, 2010.

Opinion filed Jan. 15, 2010.

Fuhao Yang, Esq., New York, NY, for Petitioner.

Paul Cygnarowicz, Esq., Thomas W. Hussey, Esq., Ari Nazarov, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., Debevoise & Plimpton, New York, NY, for Respondent.

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Bin Chen, a citizen of China, entered the United States in 2004 without valid travel documents. He filed a timely application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). He now petitions for review of the Board of Immigration Appeals order upholding the denial of relief.

I

At his first immigration hearing in February 2005, Chen testified that he began practicing Falun Gong in 2001, on the advice of his grandmother. Chen asserted that in May 2002, police officers barged into his home, where he had been practicing Falun Gong with his grandmother and one or two friends.[1] Although Chen and his friends were able to escape the police, his grandmother was arrested and detained for ten days. Chen claimed that he went into hiding following the arrest of his grandmother and subsequently fled China. Chen's father and grandmother remain in China.

Although Chen was able to identify some of the basic principles of Falun Gong and name the meditation exercises that Falun Gong adherents practice, his ability to elaborate on other aspects of Falun Gong was limited. Chen explained that this resulted from his illiteracy. Chen also submitted a letter from his father, which contained an account of the events leading Chen to practice Falun Gong and of the circumstances surrounding the police raid, the grandmother's arrest, and Chen's subsequent flight to the United States. Notably, Chen's father admitted in the letter

---

1. At the removal hearing, Chen explained that although his asylum application indicated

that there was only one friend present at the time, there were actually two friends there.

that he was not present when police raided the home and arrested Chen's grandmother.

The IJ denied Chen's applications for relief, noting that Chen's testimony did not demonstrate anything beyond a general understanding of Falun Gong, and that Chen provided insufficient evidence to corroborate the claims that he practices Falun Gong and that he and his family faced persecution in China. Chen appealed, and the BIA remanded the matter so that Chen could have the opportunity to either present corroborative evidence or explain his failure to do so.

The IJ conducted another hearing in May 2007. Chen testified that since his arrival in the United States, he often practiced Falun Gong in a park with a group of about 20 people. He also submitted some photographs of himself practicing Falun Gong exercises in the United States in front of other people, who were presumably other practitioners, and general literature about Falun Gong. However, the photographs did not identify any of the other people depicted as practitioners of Falun Gong. And, as the IJ noted, Chen failed to offer any testimony from others corroborating his practice of Falun Gong, despite the fact that he claimed to practice regularly with other people. Nor did Chen present any new evidence at the second hearing to corroborate the claim that his grandmother had been arrested. The IJ again denied relief, reasoning that Chen failed to provide sufficient evidence to corroborate his claims that he practiced Falun Gong or that his grandmother was arrested. Chen appealed, and the BIA affirmed, agreeing with the IJ's corroboration analysis.

## II

We have jurisdiction over Chen's petition pursuant to 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. *See Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir.2005). However, we review the decision of the IJ to the extent that the BIA defers to or adopts the IJ's reasoning. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir.2006). We review agency factual determinations for substantial evidence, and will uphold such determinations "unless the evidence not only supports a contrary conclusion, but compels it." *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir.2005) (internal citations omitted). Chen argues that the Agency erred in concluding that he failed to adequately corroborate his claim, and contends that he is entitled to asylum, withholding of removal, and CAT relief. We disagree.

Even when an applicant is considered otherwise credible, a failure to corroborate may be relied on to deny relief when "(1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain that failure." *Chukwu v. Att'y Gen.*, 484 F.3d 185, 191–92 (3d Cir. 2007) (citing *Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir.2001)). "It is reasonable to expect corroboration where the facts are central to the applicant's claim and easily subject to verification." *Id.* at 192.

Here, the IJ initially faulted Chen for failing to demonstrate that he practiced Falun Gong and for failing to present sufficient evidence of his grandmother's arrest.[2] The BIA remanded the case and

2. We note that the IJ's February 2005 opinion omitted any discussion of the letter submitted by Chen's father, and simply concluded that

Chen "made reference to his grandmother's arrest and her release ten days later, but failed to document that information in order

afforded him the opportunity to present additional evidence to support his claims. Despite having nearly a year between the Board's decision and his second hearing before the IJ, Chen produced only minimal evidence to corroborate his claims. Specifically, Chen failed to produce any evidence—beyond his father's letter—that his grandmother was ever arrested. And although Chen submitted some photographs showing him publicly practicing what appeared to be Falun Gong exercises, Chen offered no testimony from his purported fellow practitioners to demonstrate that he actually continued to practice. Nor did he present evidence corroborating his claim that he practiced Falun Gong while in China. It was reasonable for the Agency to require Chen to adequately corroborate his claims, and we agree that Chen's failure to do so was unreasonable.

Because Chen's failure to corroborate rendered him ineligible for asylum, we also agree that he was unable to meet the higher standards applicable to applications for withholding of removal and CAT protection.[3] *See Sioe Tjen Wong v. Att'y Gen.*, 539 F.3d 225, 236 (3d Cir.2008) (withholding of removal); *Kamara v. Att'y Gen.*, 420 F.3d 202, 212–13 (3d Cir.2005) (CAT relief).

Accordingly, we will deny the petition for review.

---

to make it credible." A.R. 113. However, the IJ expressly considered the letter on remand, noting that its corroborative value was weak because Chen's father did not witness the police raid. *See* A.R. 41.

**3.** The Government argues that because Chen provided no substantive argument to the BIA regarding his CAT claim, we lack jurisdiction over his challenge to the BIA's denial of CAT relief. We disagree. A petitioner is deemed to have exhausted all administrative remedies if he raises all issues before the BIA. *See Lin v. Att'y Gen.*, 543 F.3d 114, 120–21 (3d Cir. 2008). "Indeed, 'so long as an immigration petitioner makes some effort, however insuffi-

cient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies.' " *Id.* (quoting *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir.2006)). Here, Chen challenged the IJ's CAT determination in both his notice of appeal and brief to the BIA, albeit with no additional argument. We therefore conclude that he satisfied the Immigration and Nationality Act's exhaustion requirement. Even if Chen's filings were insufficient to do so, the claim is exhausted because the BIA expressly considered the merits of his request for CAT relief. *See id.* at 123–24.